HOLLY E. CHEONG, ESQ.
Nevada Bar No. 11936
TROUTMAN PEPPER LOCKE LLP
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123 *(Nevada Office)*
Telephone: (213) 928-9839
holly.cheong@troutman.com

TROUTMAN PEPPER LOCKE LLP
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071 *(Los Angeles Office)*

Attorney for Defendant
The Vanguard Group, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP GERALD HUNT, JR.,<br>　　　　　　　　　　Plaintiff,<br>　v.<br>THE VANGUARD GROUP, INC.,<br>　　　　　　　　　　Defendant. | Case No.: 2:25-cv-00873-CDS-BNW<br><br>**THE VANGUARD GROUP, INC.'s MOTION TO DISMISS** |

Defendant The Vanguard Group, Inc. ("Vanguard") respectfully moves to dismiss with prejudice this lawsuit brought by Plaintiff Phillip Gerald Hunt, Jr. ("Plaintiff") for failure to state a claim upon with relief can be granted pursuant to Nev. R. Civ. P. 12(b)(5)**.**

**INTRODUCTION**

Plaintiff's Complaint is unsupported by facts sufficient to maintain his claims and therefore fails to state a claim for relief. He alleges claims based on nothing but conclusory allegations about Vanguard's routine procedures, to which he agreed upon opening his accounts with Vanguard. Accordingly, the Complaint should be dismissed.

**RELEVANT BACKGROUND**

1. On April 20, 2025, Plaintiff filed his Complaint against Vanguard in the Eighth Judicial District Court of Clark County, Nevada, alleging five causes of action including (1) violation of the

Telephone Consumer Protection Act; (2) negligence; (3) economic loss; (4) conversion; and (5) punitive damages. ECF No. 1, Ex. 1 ("Compl.").

2. On May 19, 2025, Vanguard filed a notice of removal with this Court under federal question jurisdiction. ECF No. 1.

3. The Complaint is based wholly on a series of lawful procedures Vanguard followed regarding Plaintiff's inquiries related to his individual brokerage account between the months of January and April 2025. *See generally* Compl.

4. Plaintiff alleges that on February 6, 2025, around 6:40 a.m. PST, he received a call ("the Call") from a Vanguard employee "in violation of the Telephone Consumer Protection Act (TCPA)." Compl. ¶ 5.

5. Plaintiff alleges that "Vanguard failed to follow up on the purpose of the early call and provided no communication regarding Plaintiff's account despite repeated inquiries." Compl. at ¶ 6.

6. Plaintiff further alleges that "Vanguard withheld access to [his] account containing $1,753.12, preventing Plaintiff from engaging in daily stock trading," which Plaintiff claims deprived him of "an estimated $10,869.34 in potential earnings." Compl. at ¶¶ 7-8.

7. Plaintiff alleges that he sent Vanguard a "formal Final Demand for Payment" on April 10, 2025, which Vanguard did not respond to "by the stated deadline of April 21, 2025." Compl. at ¶¶ 10-11.

8. Plaintiff alleges that he also called Vanguard multiple times and did not receive the follow-up calls he requested. Compl. at ¶ 12.

9. Plaintiff alleges that he "experienced emotional distress, anxiety, and financial hardship" because of "Vanguard's negligence and failure to communicate." Compl. at ¶ 9.

///

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court will accept all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

Typically, if a court relies on materials outside the pleadings in ruling on a motion to dismiss, it must treat the motion as a motion for summary judgment. *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). A "court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. A document is incorporated by reference if the document is attached to the complaint, referred to extensively in the complaint, or forms the basis of a plaintiff's claim. *Id*. Additionally, pursuant to Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record," including court filings, in a Rule 12(b)(6) motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## ARGUMENT

The Court should dismiss this action with prejudice because Plaintiff's claims fail as a matter of law. The facts alleged fail to support claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and Nevada law.

**I.    THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE**

**A.    Vanguard's February 6, 2025, Call to Plaintiff is Not Prohibited by the TCPA.**

The February 6, 2025, Call to Plaintiff does not violate the TCPA, and Plaintiff pleads no facts (nor can he) to establish otherwise. Plaintiff's claim is premised on the fact that the Call he received was initiated before 8 a.m. Pacific Time. He refers extensively to this Call throughout his Complaint at ¶¶ 5, 6, 14, and 26. The Federal Communications Commission's ("FCC") regulations implementing the TCPA prohibit the initiation of a "telephone solicitation" to "any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location." 47 C.F.R. § 64.1200(c)(1). "Telephone solicitation" is defined as "the initiation of a telephone call or message *for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services*, which is transmitted to any person, *but such term does not include* a call or message (A) to any person with that person's prior express invitation or permission, (B) *to any person with whom the caller has an established business relationship*, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4) (emphasis added); *see also* 47 C.F.R. § 64.1200(f)(15)(i)-(iii); *see also Middleton v. Cavalry Portfolio Servs., LLC*, No. 2:16-cv-01760, 2017 U.S. Dist. LEXIS 35569, at *11 (D. Nev. Mar. 13, 2017) (dismissing plaintiff's TCPA claim with prejudice because the phone call at issue "did not involve encouraging Plaintiff to purchase, rent, or invest in property, goods or services" and therefore did "not amount to a 'telephone solicitation' under the TCPA").

An "established business relationship for purposes of telephone solicitations" is defined by the FCC as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application

regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5).

Vanguard's February 6, 2025, Call to Plaintiff does not fall within the TCPA's restrictions on call times as a matter of law. First, the Call does not meet the definition of "telephone solicitation." Plaintiff does not allege (nor can he) that Vanguard was calling Plaintiff to "encourag[e] the purchase or rental of, or investment in, property, goods, or services." The analysis could end here.

However, Vanguard's Call to Plaintiff also falls within the first and second exceptions to the TCPA's definition of "telephone solicitation." First, Vanguard did not call Plaintiff without his "prior express invitation or permission." Rather, Plaintiff affirmatively sought out communication from Vanguard, a fact he makes clear in his Complaint when he alleges that he "made repeated inquiries" and "called Vanguard multiple times." *See* Compl. at ¶¶ 5, 12. Second, the Call also meets the TCPA's "established business relationship" exception. Plaintiff opened accounts at Vanguard within the 18 months preceding the Call and was repeatedly in contact with Vanguard about those accounts, as made clear in his Complaint. Compl. ¶¶ 7, 16, 20, 22. Therefore, "a prior or existing relationship formed by a voluntary two-way communication between a person or entity" clearly existed between Vanguard and Plaintiff, and as a result, the Call was permissible.

Because Vanguard's Call to Plaintiff does not meet any definition of a prohibited call under the TCPA, his first cause of action must be dismissed.

/ / /

/ / /

/ / /

5

### B. Plaintiff Failed to Assert Facts Sufficient to State a Claim Because Vanguard Had a *Contractual Right* to Restrict His Account.

The Vanguard account that Plaintiff references extensively in his Complaint is governed by Vanguard's Brokerage Account Agreement. In a matter quite similar to the one at hand, courts in the Ninth Circuit barred a plaintiff's tort claims against Vanguard because his alleged "harm" stemmed completely from a contractual agreement—the same Brokerage Account Agreement that governs Plaintiff's account. The Court aptly noted that "Vanguard 'may place trading, disbursement, or other restrictions on [the] Account as [Vanguard] deems necessary." . . . Furthermore, the Agreement states that [the account holder] 'agree[s] to abide by any such restrictions . . . [and] not to hold [Vanguard] liable for any trading losses, lost profits, tax obligation, or other damages resulting from liquidations or trading or disbursement restrictions imposed on [account holder's] Account . . ." *Pollok v. Vanguard Grp.*, No. 2:16-cv-6482-JLS-JCGx, 2017 U.S. Dist. LEXIS 182999, at *2 (C.D. Cal. Aug. 21, 2017) (internal citations omitted); *aff'd*, *Pollok v. Vanguard Grp., Inc.*, 777 Fed. App'x 407, 408 (9th Cir. 2019) (holding that "Vanguard complied with the contract terms governing the accounts when it froze the accounts"). The Ninth Circuit also found that "Vanguard cannot have breached any duty to prevent the accounts from declining in value while the freeze was in place" because "none of the agreements permitted Vanguard to exercise its discretion in modifying the investments." *Pollok*, 777 Fed. App'x at *3.

Like *Pollok*, Plaintiff here attempts to lodge tort claims against Vanguard, when the relationship between Plaintiff and Vanguard is born solely out of contract. *See Pollok*, 2017 U.S. Dist. LEXIS 182999, at *10 ("Although Pollok asserts claims in negligence and conversion against Vanguard, the primary dispute between the parties is whether [the] brokerage account . . . agreements between himself and Vanguard preclude Vanguard's liability. . . . Plainly, the relationship between

[account holder] and Vanguard with respect to the brokerage account . . . was governed by contract."). Likewise, Plaintiff fails to show that his tort claims "arise from anything other than disappointed expectations with respect to those account agreements." *Id.* at *12.

*Even if* Plaintiff had properly pled any tort claims, recovery is barred by the "Economic Loss (Lost Opportunity)," as he calls his third claim against Vanguard. In Nevada, "economic loss" is a doctrine that "bars unintentional tort actions when the plaintiff seeks to recover 'purely economic losses.'" *Terracon Consultants Western, Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 86 (Nev. 2009) (citing *Local Joint Exec. Bd. v. Stern*, 651 P.2d 637, 638 (Nev. 1982)). Plaintiff is barred from recovery on negligence claims if he alleges pure economic loss, such as lost wages, profit, or benefits, rather than personal injury or property damage. *Stern*, 651 P.2d at 638. Like in *Pollok*, "the economic loss rule bars [Plaintiff's] negligence and conversion claims." *Pollok*, 2017 U.S. Dist. LEXIS 182999, at *16.

While Plaintiff claims that he suffered "emotional harm" due to Vanguard's alleged negligence, he fails to include any facts to support that conclusory statement. Compl. at ¶ 18. Instead, it appears that his primary concern was his inability to make trades in his accounts while they were restricted pending a fraud investigation. Inexplicably, Plaintiff claims that he had a "consistent 2.5% daily return" and calculates that he lost "an estimated $10,869.34 in trading profits" during the approximately four months his account was restricted—at a time when the market was tanking. Compl. at ¶ 21. Plaintiff's claims are nothing but "disappointed expectations" unsupported by law or fact.

Because Vanguard simply exercised its contractual right vis-à-vis Plaintiff to investigate fraud and restrict accounts, Plaintiff cannot maintain any any claim sounding in contract or tort.

### C.    Plaintiff Has Not Alleged Facts Sufficient to Assert a Claim of Conversion.

Nevada courts define the tort of conversion as "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Blige v. Terry*, 540 P.3d 421, 431 (Nev. 2023) (citing *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958). A plaintiff can sufficiently show conversion when they are "deprived of their property by the wrongful act of another who assumes dominion over the property." *Id*. Crucially, conversion must be "'essentially tortious,' meaning it must be an unlawful act.'" *Id*. (citing *Wantz*, 326 P.2d at 414).

Plaintiff has failed to allege any facts indicating that Vanguard's fraud management procedure was unlawful. Rather, he merely offered a one-sentence conclusion—that "Vanguard wrongfully withheld [his] funds"—in support of his fourth cause of action. Compl. at ¶ 22. "[L]egal conclusions couched as factual allegations are insufficient." *Gaia Ethnobotanical, LLC v. TI Payments LLC*, No. 2:22-CV-01046-CDS-NJK, 2024 WL 987981, at *2 (D. Nev. Mar. 6, 2024) (citing *Twombly*, 550 U.S. at 555). As Plaintiff only offers legal conclusions, not facts, to support his conversion claim, it must be dismissed.

### D.    Punitive Damages is a Remedy, Not a Cause of Action.

Plaintiff's request for "punitive damages in an amount of no less than three times the total compensatory damages sought" is similarly baseless. Compl. at ¶ 30. "[P]unitive damages is a remedy and not a separate cause of action." See *Teva Parenteral Meds., Inc. v. Eighth Judicial Dist. Court*, 481 P.3d 1232, 1241 n. 4 (Nev. 2021) (emphasis added); see also *Lawson v. City of Spark*, No. CV23-00458, 2021 Nev. Dist. LEXIS 402, at *24 (Nev. Dist. Ct. May 30, 2023) (granting defendants' request to dismiss a claim for punitive damages because it is not a cause of action); *Droge v. AAAA Two Star Towing, Inc.*, 468 P.3d 862, 881 (Nev. Ct. App. 2020) ("[A]s a rule, there is no cause of action for

punitive damages itself; a punitive-damage claim is not a separate or independent cause of action.") (citation omitted).

Further, a punitive damage award cannot exist without a plaintiff first receiving a judgment for actual damages. *See Droge*, 468 P.3d at 881 (citations omitted). Punitive damages may be awarded if a plaintiff can prove thought clear and convincing evidence that a defendant acted with "oppression, fraud or malice, [either] express or implied." *Id.* Plaintiff pleads no facts to support his allegations that Vanguard acted "in a manner that is oppressive and malicious." Compl. at ¶ 29. Accordingly, Plaintiff's punitive damages claim should also be dismissed.

## CONCLUSION

For all the reasons discussed above, Vanguard respectfully requests that the Court dismiss each of Plaintiff's claims with prejudice.

Respectfully submitted on May 27, 2025.

        TROUTMAN PEPPER LOCKE LLP
        By: */s/ Holly E. Cheong*
        HOLLY E. CHEONG, ESQ.
        Nevada Bar No. 11936
        8985 S. Eastern Ave., Ste. 200
        Las Vegas, Nevada 89123 (Nevada Office)
        Telephone: (213) 928-9839
        holly.cheong@troutman.com
        350 South Grand Avenue, Suite 3400
        Los Angeles, California 90071 (Los Angeles Office)

        *Attorney for Defendant The Vanguard Group, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this May 27, 2025, I caused to be served a true and correct copy of the foregoing **MOTION TO DISMISS** in the following manner:

☒ **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, to the parties listed below at their last-known mailing addresses, on the date above written.

> Phillip Gerald Hunt, Jr.
> 3890 Graphic Center Drive, Unit 1023
> Las Vegas, NV 89119

☐ **(PERSONAL SERVICE)** By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below: N/A

☐ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below: N/A

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

>  */s/     Jennifer S. Allen*
> An employee of TROUTMAN PEPPER LOCKE