UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Phillip Gerald Hunt Jr., | Case No. 2:25-cv-00873-CDS-BNW |
| Plaintiff | **Omnibus Order Resolving Pending Motions and Striking Filings** |
| v. | |
| The Vanguard Group, Inc., | [ECF Nos. 4, 6, 10, 11, 19, 21, 22, 24, 28, 30, 32, 33, 34] |
| Defendant | |

This is a Telephone Consumer Protection Act (TCPA), negligence, and related claims action brought by pro se plaintiff Phillip Gerald Hunt, Jr. Defendant The Vanguard Group, Inc., removed this action to this court on May 19, 2025. Pet. for removal, ECF No. 1. There are several outstanding motions and requests. First, Vanguard filed a motion to dismiss.[1] Mot., ECF No. 4. Second, Hunt filed two motions for default judgment (ECF Nos. 6, 11), which he now moves to withdraw (ECF No. 21). On June 12, Hunt filed a motion for leave to file an amended complaint.[2] Mot., ECF No. 19. Additionally, on June 15, Hunt filed a request for judicial notice. ECF No. 22. Finally, Hunt filed a second motion for leave to file an amended complaint (ECF No. 28) and a motion to stay the case pending resolution of his requests for leave to file an amended complaint (ECF No. 30).[3]

---

[1] Vanguard moved to dismiss Hunt's complaint on May 27, 2025. ECF No. 4. After Vanguard filed its dismissal motion, Hunt filed an amended complaint, which supersedes his original complaint. ECF No. 10. Because the initial complaint has been superseded, Vanguard's first motion to dismiss is moot.

[2] The court has determined it does not need a response from the defendant to resolve this motion, as well as the request for judicial notice. Further, the court notes that Hunt filed a "declaration" in support of an expedited ruling on his motion to amend and a notice of regulatory action. ECF Nos. 23, 24. The court construes the request for expedited ruling on the motion to amend as an emergency motion and denies it for failing to comply with Local Rule 7-4, which addresses emergency motions. *See* D. Nev. Local Rule 7-4. The local rules are available at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Hunt is hereby ordered to review the Local Rules.

[3] This court advises Hunt, Jr. that successive filings does not assist the court in resolving pending matters sooner. If anything, it causes further delays.

For the reasons set forth herein, I deny Hunt's motions to amend without prejudice, defer ruling on Vanguard's motion to dismiss, and deny Hunt's motion to stay the case. I also deny Hunt's request for judicial notice without prejudice and grant his motion to withdraw his two default judgment motions.

I. Discussion

Hunt moves to amend his complaint. *See* ECF Nos. 19; 28. In conjunction with his second motion to amend, Hunt has also filed a series of supplementals. *See* ECF Nos. 32–34. Under Rule 15, a party may amend their pleading "once as a matter of course [and] . . . in all other cases, a party may amend its pleading only with the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Hunt is seeking to amend in the first instance which I am inclined to grant but will deny both motions without prejudice to allow Hunt to refile a complete amended complaint. Hunt is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means the amended complaint must contain all claims, defendants, and factual allegations that Hunt wishes to pursue, including any exhibits or attachments[4] he wants to cite as part of the amended complaint. Hunt has until July 7, 2025, to file the first amended complaint. If filed, it must be titled "First Amended Complaint." The First Amended Complaint (FAC) must comply with the Federal Rules of Civil Procedure, must state a cognizable claim for relief against the defendant, must be complete in and of itself, and must not refer in any manner to the prior complaint.[5] As a result, I defer ruling on Vanguard's motion to dismiss to see if Hunt files a FAC. Hunt's motion to stay the case pending the decision on his motion to amend is denied as moot.

---

[4] If Hunt wants the court to consider any information contained in the supplements filed at ECF Nos. 32–34, the information contained therein must alleged in the body of his amended complaint. Because the supplements are rogue documents, they are hereby stricken. Also, because I am allowing Hunt to refile a full and complete amended complaint, his amended complaint filed on June 2 (ECF No. 10) is stricken.

[5] Ninth Circuit case law makes clear that a plaintiff may not simply refer to a previous complaint, so amended complaints must include all relevant facts even if they were previously asserted in an earlier complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect . . . .").

Hunt is reminded that he is required to be familiar with, and to follow, all rules of this court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Hunt is cautioned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this court, may result in future filings being denied or stricken. *Carter*, 784 F.2d at 1008–09 (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"). Any future motions to amend must comply with both Rule 15 of the Federal Rules of Civil Procedure and Rule 15-1 of the Local Rules.

Further, Hunt filed a "notice of regulatory action." Notice, ECF No. 24. Hunt is advised that Federal Rule of Civil Procedure 7 states that only the following pleadings are allowed:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). Although other types of filings are permitted, to include attaching exhibits to motions or pleadings, the court is not a repository for discovery or these sorts of notices. Accordingly, the court strikes the notice as a rogue filing.

The court also denies Hunt's request for judicial notice. Req., ECF No. 22. At any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and

"generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). However, a prerequisite to taking judicial notice of a fact is that the fact is undisputed. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Hunt's request for judicial notice must be denied because Hunt is disputing certain representations (which he maintains are misrepresentations) or is alleging Vanguard violated certain federal rules or Nevada Rules of Civil Procedure. *See* ECF No. 22 at 1. This places the issues set forth in Hunt's request in dispute and therefore inappropriate for judicial notice. As a result, the request is denied without prejudice.[6] Last, Hunt's withdrawal of his motions for default judgment (ECF No. 21) is granted.

## II. Conclusion

IT IS HEREBY ORDERED that defendant's motion to dismiss **[ECF No. 4] is DENIED as moot**.

IT IS FURTHER ORDERED that plaintiff's amended complaint **[ECF No. 10] is STRICKEN**.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend the complaint **[ECF No. 19] is DENIED without prejudice**, as set forth in this order. Hunt has until **July 7, 2025**, to file the first amended complaint. If filed, it must be titled "First Amended Complaint." The amended complaint must comply with the Federal Rules of Civil Procedure and the local rules, must state a cognizable claim for relief against the defendant, and must be complete in and of itself, must not refer in any manner to the prior complaint. The parties are advised to refrain from filing additional documents until the court evaluates Hunt's amended complaint.

---

[6] To the extent Hunt asks this court to take judicial notice of court dockets, those can be properly judicially notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)) ("Courts routinely take judicial notice of their own court records."). Here however, Hunt's request disputes certain information, making the request inappropriate as written.

IT IS FURTHER ORDERED that plaintiff's request to withdraw his motions for default judgment **[ECF No. 21] is GRANTED**, so his motions **[ECF Nos. 6 and 11] are WITHDRAWN.**

IT IS FURTHER ORDERED that plaintiff's request for judicial notice **[ECF No. 22] is DENIED without prejudice**.

IT IS FURTHER ORDERED that plaintiff's second motion for leave to file an amended complaint **[ECF No. 28] is DENIED without prejudice**, as set forth in this order.

IT IS FURTHER ORDERED that plaintiff's motion to stay the case **[ECF No. 30] is DENIED.**

IT IS FURTHER ORDERED that plaintiff's notice of regulatory action and supplements **[ECF Nos. 24, 32–34] are STRICKEN.**

Dated: June 23, 2025

_____
Cristina D. Silva
United States District Judge