UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Phillip Gerald Hunt Jr.,

        Plaintiff

v.

The Vanguard Group, Inc.,

        Defendant

Case No. 2:25-cv-00873-CDS-BNW

**Order Granting the Defendant's Motion to Dismiss and Striking the Plaintiff's Notice of Supplemental Filing**

[ECF Nos. 42, 52]

        This is a Telephone Consumer Protection Act (TCPA), negligence, and related claims action brought by pro se plaintiff Phillip Gerald Hunt, Jr. against defendant The Vanguard Group, Inc., who now moves to dismiss the first amended complaint. *See* Mot. to dismiss, ECF No. 42. This motion is fully briefed. *See* Resp., ECF No. 44; Reply, ECF No. 47.[1] For the reasons set forth herein, I grant the defendant's motion to dismiss with leave to amend.

**I.    Background**[2]

        Hunt alleges that Vanguard blocked his access to his investment accounts, placed unauthorized calls after he revoked his consent, and mishandled his funds. *See* First am. compl., ECF No. 41 at 1. As alleged, Hunt maintains a Vanguard brokerage account and a cash plus account containing approximately $1,753.12. *Id.* at 2. Hunt alleges that from January 2025 to the

---

[1] Hunt filed a "notice of filing supplemental evidence" regarding his claims for negligence and intentional infliction of emotional distress. *See* Notice, ECF No. 52. Hunt was previously cautioned and warned that "failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this court, may result in future filing being denied or stricken." *See* Order, ECF No. 39 at 3 (citing *Carter v. Commissioner*, 784 F.2d 1006, 1009 (9th Cir. 1986)). Hunt filed this notice after filing his opposition to the motion to dismiss. As previously cautioned, if Hunt wanted the court to consider any information contained in the supplement filed, the information must have been alleged in the body of his first amended complaint, or attached as an incorporated exhibit. *See* ECF No. 39 at 2 n.4. I therefore strike this supplemental filing. LR 7-2(g) ("Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.").

[2] Unless otherwise noted, the court only cites to Hunt's first amended complaint (ECF No. 41) to provide context to this action, not to indicate a finding of fact.

present, the defendant blocked his access to these funds, and prevented him from trading, even after contacting customer service. *Id.*

Hunt further alleges that he revoked any prior express consent to telephone contact around January 31, 2025, notifying a Vanguard representative that any future communications needed to be in writing. *Id.* But on February 6, 2025, Hunt received a call from a Vanguard representative at approximately 6:40 am (PT), attempting to discuss his account. *Id.* During this conversation, the representative notified him that she would call again later that same day, but never contacted him. *Id.* Hunt also alleges that he called Vanguard on multiple occasions, but no one followed up. *Id.*

Thereafter, Hunt sent a "Final Demand for Payment" letter to Vanguard but did not receive a response by the stated "April 21, 2025" deadline. *Id.* He further alleges that there remains a freeze on his account, costing him approximately $10,869.34 because he has historically earned approximately 2.5 percent per trading day. *Id.*

As a result of these allegations, Hunt brings five claims in his amended complaint: (1) violation of the Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)–(d); (2) breach of fiduciary duty; (3) negligence; (4) breach of contract; and (5) intentional infliction of emotional distress. *See generally id.*

## II.    Legal Standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, in reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light

most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the deficiencies of the complaint cannot be cured by amendment, rendering amendment futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.   Discussion

Vanguard moves to dismiss Hunt's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 42. Vanguard asserts that Hunt's complaint fails to plead sufficient facts to maintain his claims, and Hunt's claims are based on conclusory allegations. *Id.* In opposition, Hunt requests that the court deny the motion to dismiss as to his negligence and IIED claims, but to "strike or dismiss" the Telephone Consumer Protection Act (TCPA) claim without prejudice. ECF No. 44 at 3. I construe Hunt's request as consenting to dismissal of the TCPA claim. So it is hereby dismissed and I address Hunt's remaining claims in turn.

**A.   Hunt's breach of fiduciary duty and breach of contract claims are dismissed as unopposed.**

Hunt's second claim, breach of fiduciary duty, alleges that Vanguard owed him a duty of reasonable care to safeguard and provide timely access to his brokerage and cash plus funds, and to communicate truthfully about his account status. ECF No. 41 at 3. He further alleges that Vanguard breached this duty by freezing his accounts for months and ignoring repeated inquiries. *Id.*

3

In his fourth claim, breach of contract, Hunt alleges that there was a valid contract between himself and Vanguard. *Id.* at 4; Account Agreement, Pl.'s Ex. 1, ECF No. 41-1. Specifically, Hunt alleges that beginning in January 2025, Vanguard breached his account agreement by freezing his accounts and prohibiting trading without contractual or regulatory basis, failing to respond within the time frames promised in its customer service provisions, and ignoring his certified written demand for resolution. ECF No. 41 at 5. But Hunt does not reference nor cite any specific sections of the contract that were allegedly breached.

While Hunt raised these claims in his amended complaint, he abandons these claims in his opposition to Vanguard's motion to dismiss. He wholly fails to cite any points and authorities to support his position that Vanguard had a fiduciary duty that was breached and that the account contract between himself and Vanguard was somehow breached. Consequently, he consents to the motion being granted as to these two claims. *See* Local Rule 7-2(d) (stating that "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion"). So, Hunt's breach of fiduciary duty and breach of contract claim is dismissed without prejudice.

### B. Hunt's negligence claim fails.

To "prevail on a negligence theory, a plaintiff must generally show that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996). The existence of a duty is a question of law for the court to resolve. *Butler ex rel Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007).

Hunt alleges that Vanguard owed him a duty "to exercise reasonable care in safeguarding his asserts, processing trading instructions, and communicating accurately about [his] account status." ECF No. 41 at 3. Hunt further alleges that the defendant breached this duty by freezing his brokerage and cash plus accounts without contractual or regulatory basis, failing to respond to time-sensitive inquiries despite repeated assurances, and placing a predawn call after he

revoked all his telephone consent. *Id.* at 4. As of a result of this breach, Hunt alleges that he suffered economic loss and "aggravated PTSD symptoms." *Id.*

Vanguard argues that Hunt's negligence claim fails for two reasons. First, Hunt cannot maintain a negligence claims because Vanguard decided to exercise its contractual right to investigate fraud and restrict accounts. ECF No. 42 at 9. Second, Hunt's claim fails because he failed to adequately state a claim for negligence. I agree with Vanguard's second argument and therefore decline to address the first argument on the merits.

Assuming that Vanguard had a duty to exercise ordinary care in handling Hunt's account, there are no allegations showing or explaining how the alleged breach of that duty would entitle Hunt to the requested relief he seeks. It is unclear how placing a freeze on Hunt's account is a breach of Vanguard's duty. *See* ECF No. 41-1 at 6, 16. The same is true for Vanguard's prior attempt to get in contact with Hunt. Moreover, Hunt's allegations are contradictory in nature—asserting that it was a breach of Vanguard's duty when it followed up with Hunt by phone, but then also asserting that Vanguard breached its duty by failing to respond to his inquiries. *See* ECF No. 41 at 4. *But see*, *e.g.* ECF No. 41-1 at 6, ¶¶ 1–5 (explaining Vanguard's means of communicating with their users). Stated otherwise, the amended complaint fails to state a plausible negligence claim, so it is dismissed without prejudice and with leave to amend.[3]

### C. Hunt's intentional infliction of emotional distress (IIED) claim fails.

In Nevada, the elements of an intentional infliction of emotional distress claim are: (1) "extreme and outrageous conduct with either the intention of, or disregard for, causing emotional distress; (2) the plaintiff . . . suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). "Extreme and outrageous conduct is that which is 'outside all possible bounds of decency' and regarded as 'utterly intolerable' in a civilized society." *See Maduike v. Agency Rent-A-Car*, 953 P.2d

---

[3] Because I find that Hunt has not sufficiently pleaded breach of duty, his negligence claim fails, and I do not address his allegations related to his alleged injuries and damages.

5

24, 26 (Nev. 1998) (quotations omitted). But general physical or emotional discomfort is insufficient to demonstrate severe emotional distress. *See Evans v. Hawes*, 718 F. Supp. 3d 1351, 1373 (D. Nev 2024).

Here, Hunt failed to plausibly allege an IIED claim. The only allegations in the amended complaint related to this claim are as follows: beginning in January 2025, Vanguard froze his brokerage and cash plus balances without explanation, ignored multiple certified and telephonic demands for a remedy, and placed a predawn call to his number on February 6, 2025, after he revoked his consent to receive calls. ECF No. 41 at 5. Hunt alleges that this conduct exceeds "the bounds of decency tolerated in a civilized society." *Id.* He further conclusively asserts that Vanguard intended to cause him emotional distress or acted with reckless disregard. *Id.* As a result of Vanguard's conduct, it allegedly caused Hunt to suffer severe emotional distress that led to "nightly 3 a.m. awakenings, frequent nightmares, PTSD-related panic attacks." *Id.*

But simply stating the key terms of the elements is not sufficient to allege a claim of intentional infliction of emotion distress. *See Iqbal*, 556 U.S. at 678 (explaining that the court is not required to accept as true recitals of the elements of a cause of action supported by mere conclusionary statements). The amended complaint neither alleges how Vanguard's actions were extreme or outrageous nor explains how Vanguard's actions led to severe or extreme distress. So, without any additional allegations, Hunt's IIED claim cannot survive. Thus, I dismiss his IIED claim without prejudice and with leave to amend.

### D. Leave to Amend

Rule 15(a) provides that the court should freely give leave to amend "when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). And the policy of favoring amendments under Rule 15 (a) "is applied even more liberally to pro se litigants" than to parties represented by counsel. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Applying that rule here, the court finds good cause to grant the plaintiff leave to amend his complaint.

Hunt is permitted to file a second amended complaint. If he elects to do so, it must be filed by **January 22, 2026**, and it must be titled "Second Amended Complaint." Hunt is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Hunt may amend his negligence and intentional infliction of emotional distress claims only. He is **not permitted** to bring any new claims or to name any new defendants.

## IV.   Conclusion

IT IS HEREBY ORDERED that the defendant's motion to dismiss [ECF No. 42] is granted. If Hunt chooses to file a second amended complaint, he must do so by January 22, 2026. Failure to do so will result in dismissal without prejudice and without further notice.

IT IS FURTHER ORDERED that the plaintiff's notice of filing supplemental evidence [ECF No. 52] is stricken.

Dated: January 8, 2026

_____
Cristina D. Silva
United States District Judge